IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robbie Collins, | ) | C/A NO. 2:12-710-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Anthony Padula, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on remand from the Fourth Circuit Court of Appeals. ECF No. 76. Petitioner's letter dated September 25, 2013, construed as a Notice of Appeal, indicates that he mailed a Notice of Appeal to this court on August 29, 2013. However, no correspondence or other filing was received from Petitioner after entry of judgment until the Clerk received the correspondence dated September 25, 2013.

The Fourth Circuit Court of Appeals remanded this case "for the limited purpose of allowing the district court to obtain this information from the parties and to determine whether the filing was timely under Fed. R. App. P. 4(c)(1) and *Houston v. Lack*."[1]  Opinion at 2 (ECF No. 76). Accordingly, this court ordered Petitioner to provide a memorandum, including a copy of the relevant prison mail log and/or other supporting information, regarding his purported mailing of a Notice of Appeal to this Court on or about August 29, 2013.

On March 21, 2014, Petitioner moved for an extension of time "to do what's need[ed] to receive [ ] information from the Institution[]" relating to his alleged mailing of a Notice of Appeal on or about August 29, 2013. The court granted Petitioner an additional thirty (30) day period to

---

[1] *Houston v. Lack*, 487 U.S. 266 (1988).

1

secure evidence of mailing to the Court.

On March 25, 2014, the court received Petitioner's "Memorandum in Support of Notice of Appeal." ECF No. 82. Petitioner maintains in his unsworn memorandum that he mailed a Notice of Appeal to this Court on or about August 29, 2013. Attached to his memorandum is a copy of a "Request to Staff Member" dated March 12, 2014. ECF No. 82-1. The Request to Staff Member is an inquiry directed to mailroom personnel at Lieber Correctional Institution inquiring whether the prison mailroom keeps logs of inmates' outgoing mail. *See id*. Prison authorities respond that "we do not keep a log of prisoners['] out going or incoming mail." *Id*.

Petitioner fails to establish that he mailed a Notice of Appeal to this Court on or about August 29, 2013. Assuming, for purposes of this matter, that the answer provided by Lieber Correctional Institution mailroom personnel would be the same as that of mailroom personnel at Lee Correctional Institution,[2] Petitioner has failed to present persuasive evidence that he indeed mailed a Notice of Appeal to this Court on or around August 29, 2013. Accordingly, having received no earlier filing, Petitioner's letter dated September 25, 2013, and received by the Clerk for filing on September 30, 2013, is not timely under Fed. R. App. P. 4(c)(1) and *Houston v. Lack*.

This matter shall be returned to the Fourth Circuit Court of Appeals.

---

[2] At the time he received the court's Opinion and Order and a copy of the entry of Summary Judgment, Petitioner was incarcerated at Lee Correctional Institution, a separate prison within the State of South Carolina penal system.

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
                                                CAMERON McGOWAN CURRIE
                                                SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

April 14, 2014